IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CARRASCO,<br><br>            Petitioner,<br><br>vs.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>            Respondent.<br>_____/ | 1:10-cv-0744-JLT (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254 28 U.S.C. § 2241, in which he challenges a April 3, 2008 decision by the Board of Parole Hearings to deny Petitioner parole. (Doc. 1).

Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1       In a habeas matter, venue is proper in either the district of conviction or the district of
2  confinement. 28 U.S.C. § 2241(d). In this case, Petitioner challenges the result of a April 3, 2008
3  denial of parole by the Board of Parole Hearings; thus, Petitioner is attacking the execution of his
4  sentence. When, as here, a petitioner attacks the execution of his sentence, as opposed to the
5  conviction itself, the proper forum is the district of confinement. See <u>Dunn v. Henman</u>, 875 F.2d
6  244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge
7  the execution of a sentence is the district where the prisoner is confined."). Petitioner is presently
8  confined in the Correctional Training Facility prison located in the Northern District of California.
9  Therefore, the petition should have been filed in the United States District Court for the Northern
10 District of California. In the interest of justice, a federal court may transfer a case filed in the wrong
11 district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932
12 (D.C. Cir. 1974).

13      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
14 District Court for the Northern District of California.

16 IT IS SO ORDERED.

17 Dated: **May 4, 2010**                        /s/ Jennifer L. Thurston
                                                                                            UNITED STATES MAGISTRATE JUDGE